UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KATHLEEN A. HOWARD,

  Plaintiff,

vs.

COMMISISONER OF SOCIAL SECURITY,

  Defendant.

Case No. 3:16-cv-472

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

___

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE AND AFFIRMED; AND (2) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

___

  This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 9), and the record as a whole.

**I.**

**A. Procedural History**

  Plaintiff originally filed an application for DIB asserting disability as of June 15, 2009. PageID 220-23. Plaintiff alleged disability as a result of multiple impairments including, *inter alia*, cervical and lumbar disc disease, anxiety and depression. PageID 46.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

After an initial denial of her application, Plaintiff received a hearing before ALJ Scott R. Canfield on February 1, 2013. PageID 68-108. ALJ Canfield issued a decision on May 17, 2013 finding Plaintiff not disabled. PageID 44-57. Specifically, ALJ Canfield found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 48-56.

Thereafter, the Appeals Council denied review on September 12, 2014. PageID 33-36. On appeal to this Court, Judge Rice reversed ALJ Canfield's non-disability finding and remanded the case to the Commissioner for additional administrative proceedings. *Howard v. Comm'r*, No. 3:14-CV-364, 2016 WL 99114, at *1 (S.D. Ohio Jan. 7, 2016).

On remand, Plaintiff received a second hearing before ALJ Elizabeth A. Motta on June 3, 2016. PageID 655-76. ALJ Motta issue a decision on July 19, 2016 finding Plaintiff not disabled. PageID 628-46. Specifically, ALJ Motta found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 634-46.

Thereafter, the Appeals Council denied review on July 19, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 625-27. *See*

---

[2] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

[3] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R § 404.1567(c). An individual who can perform medium work, is presumed also able to perform sedentary and light work. *Id.*

*Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). The Court now reviews just the final administrative decision by ALJ Motta (hereinafter "ALJ").

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 44-57), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this decision herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the

record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing opinion evidence, including the opinions of consulting psychologists Mary Hill, Ph.D. and Ty Payne, Ph.D.; record reviewing psychologist Caroline Lewin, Ph.D.; and treating psychologist David Lombard, Ph.D.; and (2) improperly assessing her credibility. Doc 10 at PageID 1145-55. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; accurately determined Plaintiff's RFC; and appropriately determined that Plaintiff can perform a significant number of jobs in the national economy.

**A. Medical Source Opinions**

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical

5

evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

6

other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The record in this case contains an opinion from treating psychologist Dr. Lombard. PageID 569-71. The record also contains opinions from consulting psychologists Drs. Hill and Payne, as well as record reviewing psychologist Dr. Lewin. PageID 124-30, 486-92, 110-15.

In weighing these medical source opinions, the ALJ reasonably gave the opinions of Drs. Lewin and Hill "significant weight," and gave the opinions of Drs. Payne and Lombard "little weight." PageID 641-43. The undersigned finds the ALJ's assessment of these medical source opinions supported by substantial evidence. As a result, the ALJ's findings in this regard should be affirmed.

**B. Credibility**

Plaintiff next challenges the ALJ's credibility finding, arguing that the ALJ's credibility finding was "unreasonable and without support." Doc. 10 at PageID 1154-55. The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). In fact, the

ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Pursuant to SSR 96-7p, upon determining that "an underlying physical or mental impairment" exists "that could reasonably be expected to produce the individual's pain or other symptoms[,]" the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *See* SSR 96-7p, 1996 WL 374186, at *7. Where a claimant's subjective complaints concerning "the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must then determine the claimant's credibility "based on a consideration of the entire case record." *See id.*; 20 C.F.R. § 404.1529(c)(3).

In considering the entire case record, 20 C.F.R. § 404.1529(c)(3) and SSR 96-7p also require consideration of the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment undertaken by the claimant; (6) measures undertaken by the claimant to relieve symptoms, such as lying on one's back; and (7) any other factors bearing on the limitations of the claimant to perform basic functions. 20 C.F.R. § 404.1529(c)(3); *see Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007).

Contrary to Plaintiff's assertion, the ALJ's credibility analysis sets forth a specific explanation as to why she found Plaintiff's statements concerning the intensity, persistence and

limiting effects of her symptoms "not entirely consistent." PageID 634-36. The ALJ cites numerous inconsistencies between the objective evidence in the record and Plaintiff's testimony. *See* PageID 280, 639, 664, 665-66, 667, 661, 852. The ALJ's analysis of Plaintiff's credibility is therefore supported by substantial evidence and, as a result, the undersigned finds Plaintiff's contention regarding the ALJ's credibility assessment to be without merit.

## IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date: January 10, 2018             s/ Michael J. Newman
                                                           Michael J. Newman
                                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).