IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN A. HOWARD,<br>Plaintiff, | : | Case No. 3:16-cv-472 |
| vs. | : | JUDGE WALTER H. RICE |
| NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration,<br>Defendant. | :<br>:<br>: | MAGISTRATE JUDGE<br>MICHAEL J. NEWMAN |

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14); OBJECTIONS OF PLAINTIFF, KATHLEEN A. HOWARD, TO SAID JUDICIAL FILING (DOC. #15) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, AND AGAINST PLAINTIFF, AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff Kathleen A. Howard ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 10, 2018, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #14, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed as supported by substantial evidence. Based upon reasoning and citations of authority set

forth in the Magistrate Judge's Report and Recommendations, Doc. #14, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #7, 9, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES Plaintiff's Objections, Doc. #15, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of the Commissioner and against Plaintiff, affirming the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than

a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Elizabeth A. Motta, the Commissioner's Administrative Law Judge ("ALJ"), assigned "significant weight" to the opinions of Caroline Lewin, Ph.D., and Mary Hill, Ph.D., the Commissioner's record-reviewing psychologists, Doc. #9-1, PAGEID #642, "only to the extent [that] their assessments support a need for mental restrictions in the residual functional capacity [('RFC')] above." *Id*. In her Objections, Plaintiff notes that Drs. Lewin and Hill concluded that stress could increase the panic episodes identified as a severe impairment, and opined that additional limitations on breaks, concentration, change of activity, and pace, along with regular prompts from supervisors on persistence in and completion of tasks, were necessary to prevent those disabling attacks from occurring. Doc. #15, PAGEID #1195 (citing Doc. #7-3, PAGEID #120, 134-35). Plaintiff argues ALJ Motta's failure to incorporate those additional limitations into her RFC means that the RFC was not supported by substantial evidence, and thus, cannot serve as the basis for a finding of non-disability. *Id*. Further, Plaintiff claims that the Commissioner's Vocational Experts ("VEs") testified that there was not a significant number of jobs in the regional or United States economies that someone with the full limitations opined by Drs. Lewin and Hill was capable of performing. Doc. #7-2, PAGEID #104-06; Doc. #9-1, PAGEID #634-35, 671-74. Thus, Plaintiff argues, the Commissioner's decision finding that Plaintiff is not disabled must be reversed. Doc. #15, PAGEID #1195-96 (citations omitted).

4

Plaintiff's argument is unfounded. ALJ Motta provided substantial, well-reasoned explanations as to why she rejected certain parts of Drs. Lewin and Hill's opinions and refused to incorporate those parts into Plaintiff's RFC. For instance, she assigned "little weight" to Drs. Lewin and Hill's opinions that Plaintiff "would need occasional breaks throughout the workday, apparently because this was her habit on her last job. However, this is not corroborated in the record. Further, . . . the claimant was fired from her job [for reasons] unrelated to any impairment." Doc. #9-1, PAGEID #642. ALJ Motta concluded that Drs. Lewin and Hill's additional limitations on multi-tasking and interpersonal interaction "are also vague and are conjectures based on mere allegations." In light of these good reasons, ALJ Motta's decision to incorporate only certain portions of Drs. Lewin and Hill's opinions into Plaintiff's RFC was well-founded and cannot serve as a basis for remand.

2. ALJ Motta assigned little weight to the opinion of Ty Payne, Ph.D., the Commissioner's examining psychologist who opined significant limitations resulting from her anxiety and depression. Doc. #9-1, PAGEID #641 (citing Doc. #7-7, PAGEID #491-92). ALJ Motta discounted Dr. Payne's opinion because it was based on only one visit, and Dr. Payne "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant[.] . . . However, these complaints are not supported by objective evidence in the preponderance of the record." *Id.* Plaintiff argues that neither of these bases is sufficient for ALJ Motta's discounting of Dr. Payne's opinion and decision not to incorporate those limitations into her RFC. Doc. #15, PAGEID #1196-97 (citations omitted). Contrary to Plaintiff's argument, ALJ Motta went

5

beyond such conclusory statements and explained how, for example Plaintiff's work history was inconsistent with a diagnosis of agoraphobia, and that Dr. Payne's moderate findings were inconsistent with the significant limitations opined. *Id.*, PAGEID #641-42. As lack of internal supportability and external consistency are valid reasons for discounting an examining source opinion, 20 C.F.R. § 404.1527(c)(3-4), consequently, the Court may not disturb ALJ Motta's conclusion.

3.  Finally, Plaintiff argues that ALJ Motta violated the Commissioner's own rules by being "plainly and impermissibly more critical of" the opinion of David Lombard, Ph.D., Plaintiff's treating psychologist, vis-à-vis the opinions of the Commissioner's examining and record-reviewing sources. Thus, Plaintiff claims, the Commissioner's finding is subject to reversal even if the ALJ's RFC and finding of non-disability was otherwise justified by evidence of record. Doc. #15, PAGEID #1197-98 n.1 (citing Doc. #14, PAGEID #1188-90; *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011); *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013) (Black, J.)); *see also* Soc. Sec. R. 96-6p, 1996 WL 374180, at *3 (Jul. 2, 1996) ("The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker."). Yet, subjecting the treating source's opinion to more criticism than non-treating sources is not legal error, so long as the ALJ provides good reasons for her criticisms, and complies with Soc. Sec. R. 96-6p. In her opinion, ALJ Motta discussed Dr. Lombard's somewhat sporadic treatment history with Plaintiff, and, in a two-paragraph analysis, how the limitations opined by Dr. Lombard were not supported by his treatment notes or the other evidence of record. Doc. #9-1,

PAGEID #643. As lack of internal supportability and external consistency are valid reasons to discount a treating source opinion, 20 C.F.R. § 404.1527(c)(2, 4), the ALJ's decision to assign little weight to Dr. Lombard's opinion was proper. ALJ Motta's evaluation of the opinions of the record-reviewing psychologists was significantly longer, and she went into great detail about: why certain portions of Drs. Lewin and Hill's opinions were well-supported, and how those portions were incorporated into Plaintiff's RFC; and why other portions were belied by the evidence of record, and were assigned little weight. Doc. #9-1, PAGEID #642-43. No reasonable reading of ALJ Motta's decision supports the argument that she violated Soc. Sec. R. 96-6p; consequently, her well-reasoned RFC formulation and finding of non-disability may not be disturbed by this Court.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #14. The Commissioner's Objections to said judicial filing, Doc. #15, are OVERRULED. Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 14, 2018

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT